# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES J. DYER,                          :
                                          :
            Plaintiff                     :     No. 3:CV-12-1417
                                          :
      v.                                  :     (Judge Nealon)
                                          :
SCI-ROCKVIEW, et al.,                     :
                                          :
            Defendants                    :

**FILED**
**SCRANTON**

MAY 2 9 2013

PER _____
        DEPUTY CLERK

## MEMORANDUM

### Background

Plaintiff, formerly an inmate confined[1] in the Rockview State Correctional Institution, Bellefonte, Pennsylvania, ("SCI-Rockview"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are the "SCI-Rockview staff members", specifically, the following; "Warden, Grievance Coordinator, Medical Staff, Dental Staff, Officers, Lower Command Co's". (Doc. 1, complaint). Along with the filing of his complaint, Dyer has submitted applications for leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Docs. 2, 7).

Pursuant to 28 U.S.C. § 1915(a)(1),[2] the Court may authorize the commencement of a civil suit, without prepayment of fees, by a "person" who submits an affidavit that includes a statement that the person is unable to pay such fees. When reviewing in forma pauperis applications, the Court must make two separate determinations. First, the Court must determine whether the

---

[1] Plaintiff was released from custody subsequent to the filing of his complaint and lists his mailing address as Apt. 9B Lukasik Drive, Dickson City, PA 18509. (Doc. 1, Complaint at 7).

[2] This statute is not restricted to prisoner lawsuits. Powell v. Hoover, 956 F. Supp. 564, 566–67 (M.D. Pa. 1997).

plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915(e)(2)(A). Second, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a), the Court must "screen" the complaint to determine whether it is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant immune from such relief. If "at any time," the court determines that the action meets any of those criteria, the court "shall dismiss the case...." See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). Moreover, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim, it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing section 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000).

In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229, 233 (3d Cir. 2008). Detailed factual allegations are not required, but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Phillips, 515 F.3d at 231. Factual allegations "that are 'merely consistent with' a

-2-

defendant's liability" are not enough. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[M]ore than labels and conclusions" are required. <u>Twombly</u>, 550 U.S. at 555.

Because Plaintiff proceeds <u>pro se</u>, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson</u>, 551 U.S. at 94 (citations omitted). This Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed <u>in forma pauperis</u> will be granted[3] for the sole purpose of filing the instant action, and Plaintiff's complaint will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff states that he went to the dental department to have work done on a tooth that "fell out 4 to 6 times." (Doc. 1, Complaint). He claims that he kept "putting in requests and sick call slips to get problem solved"; however, the medical department kept telling him it was a dental department issue and vice versa. <u>Id</u>. Specifically, the "medical department told [Plaintiff] there was nothing they could do, due to it being an existing problem due to dental work, and referred [Plaintiff] to the dental department." <u>Id</u>. Plaintiff claims that this went on for approximately two months, while his "neck progressively grew larger" due to infection setting in. <u>Id</u>.

On July 13, 2010, he was hospitalized due to an infection that had made his face and neck sell up and was "cutting off the oxygen supply to [his] passage way." <u>Id</u>. He states that he "collapsed in his cell and was hauled to the infirmary." <u>Id</u>. Plaintiff was then hospitalized. <u>Id</u>.

---

[3]Based on the information provided in the Plaintiff's <u>in forma pauperis</u> affidavit, the Court concludes he has insufficient funds to pay the requisite filing fee.

Once at the hospital, he had to undergo an operation, in which he claims he had a "10% chance to live through the operation." Id. Plaintiff asked to if he could "call home to talk to [his] wife and let her know [he] had a small chance of living" and claims that "the lieutenant told [him] [he] had no authorization to do so, and that he would call the CO's back, but never did." Id. Plaintiff claims he "could have died and [his] wife would of never talked to [him] before [he] did." Id.

After surgery, Plaintiff states that he recovered in the hospital for several days, but was unable to get any rest as a result of the fact that he had two correctional officers in his hospital room at all times and "the one CO kept going in and out the door bringing the other CO food, coffee etc." Id. In addition, Plaintiff complains that "the CO inside kept the TV on all night with the volume turned up as loud as possible" and Plaintiff "had a hard time sleeping." Id.

Plaintiff filed the instant action in which he seeks $280,000,000 dollars in damages for "pain and suffering, mental anguish, mental and emotional distress, disfigurement, malpractice, neglect and mental cruelty." Id.

**Discussion**

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." Id. "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" Woloszyn v. County of Lawrence, 396 F.3d

314, 319 (3d Cir. 2005) (quoting Lake v. Arnold, 112 F.3d 682, 689 (3d Cir. 1997)).

"[T]he Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). In order for the plaintiff to state a viable Eighth Amendment medical care claim he must allege that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The concept of serious medical need has two components, one relating to the consequences of a failure to treat and the other relating to the obviousness of those consequences. Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Id. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. Id.

Deliberate indifference is a subjective standard. Farmer v. Brennan, 511 U.S. 825, 840, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). The prison official must have known of the substantial risk of serious harm and must have disregarded that risk by failing to take reasonable measures to abate it . Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. Deliberate indifference may be found in a variety of circumstances including where a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary

medical treatment based on a non-medical reason, denies prescribed or recommended treatment or persists in a particular course of treatment "'in the face of resultant pain and risk of permanent injury.'" Rouse, 182 F.3d at 197 (quoting White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990)).

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Id. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates. Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment ... which remains a question of sound professional judgment." Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (quoting Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) ("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import.... Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); White, 897 F.2d at 110.

-6-

In the instant case, although, initially, there was some discrepancy as to who would address Plaintiff's complaints of pain, as soon as Plaintiff presented with an infection, he was immediately referred by the medical department to the hospital. Once at the hospital, he was immediately treated for the infection. Although the plaintiff disagrees with the treatment that he has received, he has not alleged facts from which it can reasonably be inferred that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff's allegations regarding the failure of either the medical or dental department to take responsibility for his care, at most, raise an issue of negligence. Accordingly, the complaint fails to state an Eighth Amendment claim upon which relief may be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). Since this is a case in which Plaintiff has been prescribed treatment and merely disagrees with that treatment, this Court concludes that amendment would be futile. As such, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted, and the case will be closed.

A separate Order will be issued.

Date: May 29, 2013

_____
**United States District Judge**